C 199—Summons without Notice, Supreme Court. 10-73
Personal Service.

COPYRIGHT 1973 BY JULIUS BLUMBERG, INC., LAW BLANK PUBLISHERS

# Supreme Court of the State of New York
## County of SUFFOLK

MED/LEGAL SOURCE, INC.,

Plaintiff

against

BIOSOUND ESAOTE, INC.,

Defendant

Index No.

Plaintiff designates
Suffolk
County as the place of trial

The basis of the venue is
Plaintiff's Place of Business

### Summons

Plaintiff's ~~resides at~~ place of business:
7 Technology Drive
East Setauket, New York 11733
County of Suffolk

To the above named Defendant

**You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated, July 26, 2004

Defendant's address:

8000 Castleway Drive
Indianapolis, Indiana 46250

ALAN G. KRAUT, ESQ.
Attorney(s) for Plaintiff

Post Office Address

1325 Franklin Avenue
Garden City, New York 11530
(516) 294-4111

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------------x

MED/LEGAL SOURCE, INC.,                    Date Filed:
                                           Index No.
        Plaintiff,
                                           **VERIFIED COMPLAINT**
- against -

BIOSOUND ESAOTE, INC.,

        Defendant.
------------------------------------------------------------x

Plaintiff, complaining of the defendant, by its attorney, ALAN G. KRAUT, respectfully alleges as follows:

### AS AND FOR A FIRST CAUSE OF ACTION

FIRST:    At all times hereinafter mentioned, plaintiff was and still is a foreign corporation organized and existing under and by virtue of the laws of the State of Georgia, with a principal place of business at 7 Technology Drive, East Setauket, New York 11733, and is a sales organization engaged in the sale of ultrasound equipment.

SECOND:    Upon information and belief, at all times hereinafter mentioned, the defendant, Biosound Esaote, Inc., is a foreign corporation organized and existing under and by virtue of the laws of the State of Delaware, and maintains its principal place of business at 8000 Castleway Drive, Indianapolis, Indiana 46250, and is engaged in the manufacture and distribution of ultrasound equipment and is authorized to do business in the State of New York.

MyFiles\Complaint\MedLegal.Biosound

THIRD: Upon information and belief, at all times hereinafter mentioned, the defendant, through its representatives, conducts business in the State of New York on a regular basis.

FOURTH: Upon information and belief, at all times hereinafter mentioned, the defendant, through its representatives, cause sales and distribution of its products to be made in the State of New York on a regular basis.

FIFTH: Upon information and belief, at all times hereinafter mentioned, the defendant, through its representatives, services equipment and products in the State of New York on a regular basis.

SIXTH: During February, 2002, the parties entered into an agreement wherein plaintiff was hired as a representative for the sale of plaintiff's products.

SEVENTH: The parties made varying arrangements for compensation to be paid to plaintiff by defendant in connection with the sale of defendant's products during the period of representation between February 2002 and June 2004.

EIGHTH: In or about February, 2004, the parties agreed that defendant was to be paid a commission for sales made by plaintiff of defendant's products in the commission amount of twenty-six (26%) percent of the total selling price received by defendant in connection with the purchase by plaintiff's customers.

NINTH: Plaintiff accepted the employment and has performed all of the terms and conditions of the agreement, including the compensation modifications, until plaintiff notified defendant during May 2004 that plaintiff was terminating the agreement.

MyFiles\Complaint\MedLegal.Biosound

TENTH:   Between February 2004 and June 2004, plaintiff sold defendant's products and earned commissions for several sales in the total sum of $269,707.39.

ELEVENTH: Defendant has breached the conditions of the aforesaid contract in that defendant has failed to make payments of the agreed commissions to the plaintiff in accordance with the terms of the contract, in the sum of $269,707.39, no part of which has been paid although payment has been duly demanded.

TWELFTH:   That by reason of the aforesaid breach of contract by defendant, plaintiff sustained damages in the amount of $269,707.39.

## AS AND FOR A SECOND CAUSE OF ACTION

THIRTEENTH:   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs FIRST through TWELFTH of the plaintiff's complaint with the same force and effect as if set forth at length herein.

FOURTEENTH:   That during February 2004 through June 2004, plaintiff, at the special instance and request of the defendant, performed work, labor and services in the nature of sales of defendant's ultrasound machinery and equipment, which sales and services were accepted by the defendant at an agreed commission rate of twenty-six (26%) percent, leaving a balance due to plaintiff in the amount of $269,707.39.

FIFTEENTH:   Defendant has failed and refused to make payment as agreed upon, leaving a balance due and owing by defendant to the plaintiff in the sum of $269,707.39, which sum has been duly demanded and remains unpaid.

MyFiles\Complaint\MedLegal.Biosound

SIXTEENTH:     By reason of the above, the defendant owes to the plaintiff the sum of $269,707.39.

WHEREFORE, plaintiff demands separate judgments against the defendant on the First Cause of Action in the sum of $269,707.39, and on the Second Cause of Action in the sum of $269,707.39, together with interest, costs and disbursements of this action.

Dated:   Garden City, New York
         July 26, 2004

                                                Yours, etc.,

                                                ALAN G. KRAUT, ESQ.
                                                Attorney for Plaintiff
                                                1325 Franklin Avenue
                                                Garden City, New York 11530
                                                (516) 294-4111

MyFiles\Complaint\MedLegal.Biosound

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
----------------------------------------------------------------X

MED/LEGAL SOURCE, INC.,                          Index No.

                          Plaintiff,         **VERIFICATION**

- against -

BIOSOUND ESAOTE, INC.,

                          Defendant.
----------------------------------------------------------------X

STATE OF NEW YORK    )
                              : ss.:
COUNTY OF SUFFOLK  )

      I, BRUCE BERNSTEIN, being duly sworn, deposes and says:

      I am the President of MED/LEGAL SOURCE, INC., a foreign corporation and a party in the within action; I have read the annexed Summons and Complaint, and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This verification is made by me because the above party is a corporation and I am an officer thereof.

      The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

      the books and records of the plaintiff corporation.

                                                  _____
                                                  Bruce Bernstein

Sworn to before me on July 23, 2004

_____
Notary Public

WPDOCS\FORMS\VERIFICA.

DORRIE MARANS
Notary Public, State of New York
No. 01MA5066957
Qualified in Nassau County
Commission Expires October 7, 200_